JUDGMENT

PER CURIAM.
This case was considered on the record from the Securities and Exchange Commission and on the briefs and arguments of the parties. It is
*884 ORDERED and ADJUDGED that the petition for review is denied.
On November 8, 2006, the SEC affirmed findings of the National Association of Securities Dealers (NASD) that Raghavan Sathianathan made unsuitable recommendations to two clients, Anjan Venkatramani and Srikar Srinath, to buy: (i) Class B mutual fund shares in multiple fund families, rather than Class A shares in fewer fund families; and (ii) mutual funds and warrants on margin, secured by the shares of a volatile stock. The SEC also affirmed NASD findings that Sathianathan undertook discretionary trades in Venkatramani’s account without written authorization. Finally, the SEC sustained a bar on Sathianathan from associating with any NASD member in any capacity.
Sathianathan petitioned for review on January 3, 2007. The SEC contends that we have no jurisdiction over Sathianathan’s petition because it was “filed before the challenged action [wa]s final and thus ripe for review.” TeleSTAR, Inc. v. FCC, 888 F.2d 132, 134 (D.C.Cir.1989). The SEC argues that Sathianathan had tried to file a motion to reconsider, which would mean his petition was filed too early and that he was required to file a new petition after his motion to reconsider was denied. However, the SEC itself stated, in an order issued on February 2, 2007, that Sathianathan “never made a filing in compliance with the Rules of Practice and, therefore, no motion to reconsider [the November 8, 2006 Opinion] is pending before the Commission.” In re Raghavan Sathianathan, Securities Exchange Act Rel. No. 55227, 2007 WL 310012 (Feb. 2, 2007), Supplemental Appendix 191. Based on the SEC’s own characterization of the record and its statement that Sathianathan did not file a motion for reconsideration, the challenged SEC action was final when the petition was filed. Accordingly, under the unusual facts of this case, we have jurisdiction.
Turning to the merits of the petition, substantial evidence supports the SEC’s findings that Sathianathan made unsuitable recommendations and unauthorized trades. Sathianathan admitted that he urged Venkatramani and Srinath to purchase Class B shares in different mutual fund families, on margin and collateralized by volatile stock, and that he discussed the relative risks of Class A and B shares only cursorily. Sathianathan also admitted that he could not get in touch with Venkatramani while he was in India in May 2001, but nonetheless proceeded to buy 13,000 shares of stock on his behalf. The SEC’s conclusions that Sathianathan’s recommendations were unsuitable and that he lacked price and time discretion to make the trades in Venkatramani’s account are supported by the record.
The SEC’s sanctions for the violations were not an “abuse of discretion.” Stoiber v. SEC, 161 F.3d 745, 753 (D.C.Cir. 1998). Sathianathan had previously been on probation, and his risky recommendations flouted both his employer’s express guidelines and NASD policy while causing substantial financial injuries. The associational bar is thus appropriate.
Finally, Sathianathan’s remaining claims that he was targeted because he was a whistleblower, selectively prosecuted because of his race, and subjected to unfair or biased NASD proceedings lack merit. The SEC’s rejection of each of these arguments was reasonably explained and supported by the record.
Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for re *885 hearing or rehearing en banc. See Fed. R.App. P. 41(b); D.C.Cir. R. 41.